IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        **Plaintiff,**

    v.

WILLIAM JEHROD PATE,

        **Defendant.**

Case No. 2:15-cr-109
Judge Gregory L. Frost

## ORDER

This matter came on for oral argument this 4th day of August, 2015, upon Defendant's Motion to Exclude Any Evidence Relating To Other Crimes, Wrongs, Or Acts (ECF No. 47) filed on June 25, 2015, and upon the Government's Response (ECF No. 56) filed on July 26, 2015.

On April 30, 2015, Defendant was indicted on one count of possession with intent to distribute 500 grams or more of cocaine, one count of possession of a firearm in furtherance of a drug trafficking crime, and one count of possession of a firearm after a felony conviction. The Indictment also contains two forfeiture counts requesting the forfeiture of several firearms, ammunition, and one vehicle. The matter is scheduled for a jury trial commencing on September 21, 2015.

Defendant argues that he has reason to believe that "the Government may seek to introduce evidence that Pate has engaged in other crimes and/or bad acts contained in, and not contained in, the indictment." (ECF No. 47, at PAGEID # 115.)  The Government has responded by indicating that it intends to introduce background evidence regarding the investigation

leading to the issuance of the search warrant, the search of Defendant's residence, the contraband found in Defendant's residence, and Defendant's arrest. The Government also intends to introduce evidence of Defendant's prior felony conviction as proof of an element of Count 3 (possession of a firearm after a felony conviction) unless the parties can enter into a stipulation concerning that issue. The Government argues that the testimony is not Federal Rule of Evidence 404(b) evidence but rather, background information involving the investigation of Defendant and his interaction with a confidential informant that led law enforcement to Defendant. In the alternative, the Government also argues that even if the Court finds such evidence to be Rule 404(b) evidence, it is still clearly admissible as evidence of lack of mistake, motive, plan or preparation.

For the reasons that follow, Defendant's Motion To Exclude Any Evidence Relating To Other Crimes, Wrongs, Or Acts (ECF No. 47) is found to be not well taken and the Court **DENIES** the same.

Rule 404(b) provides that:

> (b) Other Crimes, Wrongs, or Acts.
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
> > (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

>> (B) do so before trial–or during trial if the Court, for good cause, excuses lack of pretrial notice.

First, regarding the background information that the Government intends to introduce involving the investigation of Defendant leading to his arrest, such evidence is not "other acts" evidence. What Defendant fails to understand regarding the application of Rule 404(b) is that it targets extrinsic acts and not acts involving an investigation. As used in Rule 404(b) an "other act" or an "extrinsic act" is simply any act that is not part of the operative facts or episode of the case; *i.e.,* it is "extrinsic" usually because of a separation in time, space, or both. *See, e.g., United States v. Navarro*, 169 F.3d 228 (5th Cir. 1999).

The Government indicated at the oral hearing that it intends to present testimony concerning the activities of a confidential informant who interacted with Defendant to allegedly commit the crime or crimes Defendant is accused of committing. In other words, the Government will introduce testimony regarding the background investigation and what activities caused Defendant to come onto law enforcement's radar. This is not extrinsic to the crimes charged but rather is evidence revealing context: the background investigation and the alleged commission of the crimes.

Second, a prior felony conviction is an element of the crime of possession of a firearm by a convicted felon (Count 3). The Government intends to introduce at trial evidence of only one of Defendant's felony convictions to prove this element and the Government is willing to enter into a stipulation with Defendant to minimize the impact of that evidence on the jury. The introduction of such relevant evidence is not only permissible but necessary to prove that Defendant committed the crime as alleged in Count 3. The Court encourages Defendant to enter into a stipulation regarding this element of Count 3 if, in fact, there is no controversy concerning

the prior felony conviction.  Entering into the stipulation eliminates the admission of the relevant but potentially harmful evidence.  *See generally Old Chief v. United States*, 519 U.S. 172 (1997); *United States v. Sumner*, 119 F.3d 658 (8th Cir. 1997).

Finally, the Court notes that Defendant requested permission to raise this objection at trial if, in Defendant's opinion, circumstances require him to do so.  Of course, the objection is preserved and Defendant is free to raise the objection at trial if he deems it necessary.  Further, if a limiting instruction is thought to be necessary, the Court will consider that, also.

**IT IS SO ORDERED.**


　　　　　　　　　　　　　　　　　　　　  /s/   Gregory L. Frost
　　　　　　　　　　　　　　　　　　　　Gregory L. Frost
　　　　　　　　　　　　　　　　　　　　United States District Judge