IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.

WILLIAM JEHROD PATE,

    **Defendant.**

Case No.  2:15-cr-109
Judge Gregory L. Frost

## ORDER

This matter came on for an oral hearing this 4th day of August, 2015, upon Defendant's Motion to Suppress Evidence (ECF No. 49) filed on June 25, 2015, and the Government's Response (ECF No. 57) filed on July 22, 2015.

Defendant's request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), is found to be not well taken and the Court **DENIES** the same.

Two search warrants, one issued by the state court and one issued by the federal court, are relevant to this case.  On March 23, 2015, the Franklin County Common Pleas Court issued a search warrant permitting the production of certain electronic communication records and the installation of a pen register and trap and trace on a certain T-Mobile US telephone number.  The search warrant was issued on the basis of an affidavit filed by Trooper Ryan E. Elsey of the Ohio State Highway Patrol.  Another search warrant in this matter was issued by a United States Magistrate Judge to search the premises located at 2701 Tudor Road, Columbus, Ohio, the residence of Defendant.  This search warrant was issued as a result of an affidavit filed by Special Agent Thomas S. Costanzo of the Drug Enforcement Administration.  Defendant's

complaint regarding the affidavits is that they contain misleading statements and the confidential informant's information was not corroborated.  The Government argues that Defendant has failed to make the necessary substantial showing to entitle Defendant to a hearing.  The Government is correct.

The parties agree that a hearing is required if a defendant makes a substantial preliminary showing that: (1) the affiant knowingly, intentionally, or with reckless disregard for the truth included a false statement in the search warrant, and (2) the affidavit, without the false statement, does not provide the requisite probable cause to sustain the warrant.  *Franks v. Delaware*, *supra*.  A defendant is entitled to an evidentiary hearing on the veracity of the statements in the affidavit if both parts of the analysis are established.

Defendant has failed to satisfy either prong of the analysis.  First, Trooper Elsey and Spec. Agent Costanzo provided in their affidavits that Defendant had been arrested four times.  When pressed on this issue, Defendant admitted that the statement was true but maintains that two arrests were for the same offense and one arrest resulted in a misdemeanor conviction.  While conceding that the statements are true, Defendant argues that the statements were included to mislead the issuing judges.  Secondly, Defendant also argues that the federal search warrant contained no corroboration of the confidential informant's information.

Defendant is entitled a *Franks* hearing if an affidavit includes false information.  The affidavit in question does not contain false information and Defendant has admitted the same.  And, while passing on the question as to whether Defendant is even entitled to a *Franks* hearing if a confidential informant's information is not corroborated, a review of Special Agent Costanzo's affidavit reveals a considerable amount of corroboration.  Paragraphs 4, 8, 9, 10, 11,

18, and, 19 all provide corroboration either in the form of surveillance or recorded telephone information corroborating the confidential source's information.

Not only has Defendant failed to make a substantial showing that statements in the affidavits were false, Defendant has completely failed to show that, absent the complained of statements or lack of statements in the affidavits, probable cause would not exist for the issuance of the search warrants. To the contrary, even without the statements concerning Defendant's arrest record and absent the corroborating information, ample probable cause existed for the judicial officers to issue the two search warrants.

Accordingly, this Court finds that Defendant has failed to make the requisite substantial showing and, therefore, the request for a *Franks* hearing is denied.

**IT IS SO ORDERED.**

                                           **/s/ Gregory L. Frost**
                                           Gregory L. Frost
                                           United States District Judge